**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABIGAIL MULLEN, ) | |
| ) | Civil Action No. 2:20-cv-02020 |
| Plaintiff, ) | |
| ) | The Honorable J. Nicholas Ranjan |
| v. ) | |
| ) | |
| MSA SAFETY INCORPORATED, ) | *ELECTRONICALLY FILED* |
| ) | |
| Defendant. ) | |
| ) | JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND
AMENDED COMPLAINT**

Defendant MSA Safety Pittsburgh Manufacturing, LLC ("Defendant"), incorrectly

identified as "MSA Safety Incorporated," by and through its undersigned counsel, files the

following Answer and Defenses to Plaintiff Abigail Mullen's Second Amended Complaint:

**I.     Nature of the Action**

1.     Defendant admits only that Plaintiff has filed claims under the Americans with

Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania

Human Relations Act ("PHRA").  Defendant denies the remaining allegations of Paragraph 1 of

the Second Amended Complaint.  Further, Defendant specifically denies any violation of law and

denies that Plaintiff is entitled to any relief.

**II.     Jurisdiction and Venue**

2.     Defendant admits only that Plaintiff filed claims under the ADA and FMLA and

this Court may exercise jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

3.     Defendant admits only that the Court may exercise jurisdiction over properly exhausted state law claims pursuant to 28 U.S.C. § 1367(a).

4.     Defendant admits that the United States District Court for the Western District of Pennsylvania is a proper venue for the action.  Defendant specifically denies any violation of law and denies that Plaintiff is entitled to any relief.

5.     Defendant admits that Plaintiff filed a Charge with the Equal Employment Opportunity Commission.  Defendant denies that the Charge bears number 533-2019-20885.  The remaining allegations in Paragraph 5 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

6.     Defendant admits that the relevant Notice of Right to Sue is dated November 24, 2020.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Second Amended Complaint, including when it was received by Plaintiff; to the extent that any response is deemed to be required, the allegations are denied.

7.     The allegations in Paragraph 7 of the Second Amended Complaint purport to interpret and characterize a document that speaks for itself and otherwise set forth conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

### III.   Parties

8.     Defendant admits that Plaintiff, Abigail Mullen is an adult.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Second Amended Complaint; to the extent that any response is deemed to be required, the allegations are denied.

2

9.      Defendant denies that it is properly identified in the Second Amended Complaint. Defendant admits the remaining allegations in Paragraph 9 of the Second Amended Complaint.

## IV.    Facts

10.      Defendant admits that it employed Plaintiff as a Production Technician I. Defendant denies as stated the remaining allegations in Paragraph 10 of the Second Amended Complaint.

11.      Defendant denies as stated the allegations in Paragraph 11 of the Second Amended Complaint.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Second Amended Complaint concerning the description of "Sphincter of Oddi dysfunction"; to the extent that any response is deemed to be required, the allegations are denied.  Defendant denies as stated the remaining allegations in Paragraph 12 of the Second Amended Complaint.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Second Amended Complaint; to the extent that any response is deemed to be required, the allegations are denied.

14.      Defendant denies the allegations in Paragraph 14 of the Second Amended Complaint.

15.      Defendant admits only that it employed individuals named Abigail Jolly and Tyler Smith during the relevant time period.  Defendant denies that Jolly harassed Mullen. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Second Amended Complaint, including the "romantic

relationship" between Jolly and Smith; to the extent that any response is deemed to be required, the allegations are denied.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Second Amended Complaint; to the extent that any response is deemed to be required, the allegations are denied.

17.     Defendant denies as stated the allegations in Paragraph 17 of the Second Amended Complaint.

18.     Defendant admits that Margie Woods was employed by Defendant as part of its Human Resources Department and that Plaintiff spoke with Woods in that capacity on August 20, 2019.  Defendant also admits that Woods provided suggestions to Plaintiff on how to interact with her co-workers.  Defendant denies as stated the remaining allegations in Paragraph 18 of the Second Amended Complaint.

19.     Defendant admits that it attempted to mediate the dispute between Mullen and Jolly with the assistance of Mullen's supervisor, Bernie Gioia on August 21, 2019.  Defendant denies as stated the remaining allegations in Paragraph 19 of the Second Amended Complaint.

20.     Defendant denies as stated the allegations in Paragraph 20 of the Second Amended Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Second Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Second Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Second Amended Complaint regarding purported statements by Woods and the allegation that Plaintiff experienced

bullying and harassment by Jolly.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Second Amended Complaint, including whether Plaintiff and Jolly "had no contact" "outside of work"; to the extent that any response is deemed to be required, the allegations are denied.

24.      Defendant admits that it has a policy prohibiting bullying.  Defendant denies as stated the remaining allegations in Paragraph 24 of the Second Amended Complaint.

25.      Defendant admits that it employed an individual named Shane Livingstone as Production Manager during the relevant time and that Livingstone discussed Plaintiff's complaints with her.  Defendant denies as stated the remaining allegations in Paragraph 25 of the Second Amended Complaint.

26.      Defendant denies the allegations in Paragraph 26 of the Second Amended Complaint.

27.      Defendant denies the allegations in Paragraph 27 of the Second Amended Complaint.

28.      Defendant admits that it employed an individual named RJ Sutton during the applicable time period.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Second Amended Complaint as to what Plaintiff "believe[d]; to the extent that any response is deemed to be required, the allegations are denied.  Defendant denies the remaining allegations in Paragraph 28 of the Second Amended Complaint.

29.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Second Amended Complaint; to the extent that any response is deemed to be required, the allegations are denied.

30.     Defendant admits that it employed an individual named Shawn McClean during the applicable time period and that he acted as Group Leader.  Defendant denies as stated the remaining allegations in Paragraph 30 of the Second Amended Complaint.

31.     Defendant denies that Plaintiff was subject to "bullying" or "harassment." Defendant denies as stated the remaining allegations in Paragraph 31 of the Second Amended Complaint.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Second Amended Complaint concerning what Mullen allegedly "began to notice"; to the extent that any response is deemed to be required, the allegations are denied.  Defendant denies the remaining allegations in Paragraph 32 of the Second Amended Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Second Amended Complaint.

34.     Defendant admits that it employed an individual named K.C. Clipper during the relevant time.  Defendant denies the remaining allegations in Paragraph 34 of the Second Amended Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Second Amended Complaint.

36.     Defendant denies that Plaintiff "faced" "harassment" or that Defendant "refuse[ed] to remedy the situation."  As acknowledged in her Second Amended Complaint, it is admitted that Plaintiff took FMLA leave while working for Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36

of the Second Amended Complaint, including what Plaintiff "decided"; to the extent that any response is deemed to be required, the allegations are denied.

37.     Defendant admits that it engages a third-party, UNUM, as its FMLA provider. Defendant denies the remaining allegations in Paragraph 37 of the Second Amended Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Second Amended Complaint.

39.     Defendant admits that it suspended Plaintiff for three days as part of a written write-up.  Defendant denies as stated the remaining allegations in Paragraph 39 of the Second Amended Complaint.

40.     Defendant admits that it employed an individual named Brendan Cujas ("Cujas") during the relevant time period.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Second Amended Complaint; to the extent that any response is deemed to be required, the allegations are denied.

41.     Defendant denies that McClean "pressure[d]" Plaintiff.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Second Amended Complaint; to the extent that any response is deemed to be required, the allegations are denied.

42.     Defendant admits that it employed an individual named Kimberly Pfeffer during the applicable time period.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Second Amended Complaint; to the extent that any response is deemed to be required, the allegations are denied.

43.     Defendant admits that it employed Michelle Monroe in its Human Resources Department during the applicable time period and that Monroe met with Plaintiff.  Defendant denies as stated the remaining allegations in Paragraph 43 of the Second Amended Complaint.

44.     Defendant admits only that it informed Plaintiff that it would investigate her complaint.  Defendant denies as stated the remaining allegations in Paragraph 44 of the Second Amended Complaint.

45.     Defendant admits that it investigated Plaintiff's allegations and found that Plaintiff was not subject to harassment.  Defendant denies as stated the remaining allegations in Paragraph 45 of the Second Amended Complaint.

46.     Defendant admits that it employed an individual named Ashley Hohman during the relevant time period and that Plaintiff clocked-in late in March 2020.  Defendant further admits that Plaintiff communicated with Hohman regarding her late clock-in.  Defendant denies as stated the remaining allegations in Paragraph 46 of the Second Amended Complaint.

47.     Defendant admits that the late clock-in constituted a half an occurrence under its attendance policy.  Defendant denies as stated the allegations in Paragraph 47 of the Second Amended Complaint.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Second Amended Complaint regarding an unnamed "different co-worker" or use of vacation time by unidentified "staff"; to the extent that any response is deemed to be required, the allegations are denied.  Defendant denies the remaining allegations in Paragraph 48 of the Second Amended Complaint.

49.     Defendant denies as stated the allegations in Paragraph 49 of the Second Amended Complaint.

50.     Defendant admits only that Plaintiff's late clock-in was not counted as an occurrence.  Defendant denies the remaining allegations in Paragraph 50 of the Second Amended Complaint.

51.     The allegations in Paragraph 51 of the Second Amended Complaint purport to interpret and characterize a document that speaks for itself.  Defendant denies Plaintiff's interpretation and characterization of that document.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Second Amended Complaint regarding what Plaintiff "believe[d]"; to the extent that any response is deemed to be required, the allegations are denied.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Second Amended Complaint regarding purported communications with third-party UNUM and Plaintiff that Defendant was not party to; to the extent that any response is deemed to be required, the allegations are denied.

54.     Defendant admits that Plaintiff was informed that she had exhausted her FMLA leave.  Defendant denies as stated the remaining allegations in Paragraph 54 of the Second Amended Complaint.

55.     Defendant admits that Plaintiff was terminated on July 17, 2020 for her violation of Defendant's attendance policies, including four unauthorized absences in June.

56.     Defendant admits that it gave Plaintiff the opportunity to provide additional information relevant to her termination.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Second Amended Complaint regarding what UNUM allegedly "refused to provide"; to the extent that any response is deemed to be required, the allegations are denied.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Second Amended Complaint regarding purported communications between Plaintiff and "Josh Wing" that Defendant was not party to; to the extent that any response is deemed to be required, the allegations are denied.

58.     Defendant admits that Plaintiff filed a complaint with its ethics hotline on or about July 21, 2020.  Defendant denies as stated the remaining allegations in Paragraph 58 of the Second Amended Complaint.

59.     Defendant admits that it employed an individual named Erin Barnhart as a Benefits Analyst and that Plaintiff was directed to contact UNUM.   Defendant denies as stated the remaining allegations in Paragraph 59 of the Second Amended Complaint.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Second Amended Complaint regarding alleged inaction by UNUM or the purported cause of that inaction; to the extent that any response is deemed to be required, the allegations are denied.

61.     Defendant denies that Plaintiff was subject to bullying or harassment or that it was not addressed properly.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Second Amended Complaint regarding what Plaintiff hypothetically would or would not have done regarding her FMLA leave; to the extent that any response is deemed to be required, the allegations are denied.

## COUNT I
### Disability Discrimination in Violation of the ADA

62.     Defendant restates and incorporates its answers to Paragraphs 1 through 61 of the Second Amended Complaint as though set forth at length herein.

63.     The allegations in Paragraph 63 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

64.     The allegations in Paragraph 64 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

65.     The allegations in Paragraph 65 (a)-(c) of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

66.     The allegations in Paragraph 66 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

67.     Defendant denies as stated the allegations in Paragraph 67 of the Second Amended Complaint.

68.     The allegations in Paragraph 68 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

69.     The allegations in Paragraph 69 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

70.     The allegations in Paragraph 70 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 70 of the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to judgment in her favor or to any relief under the allegations set forth in the Second Amended Complaint. Defendant requests that the Court dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

## **COUNT II**
### **Disability Discrimination in Violation of the PHRA**

71.     Defendant restates and incorporates its answers to Paragraphs 1 through 69 of the Second Amended Complaint as though set forth at length herein.

72.     The allegations in Paragraph 72 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

73.     The allegations in Paragraph 73 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

74.     The allegations in Paragraph 74 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

75.     The allegations in Paragraph 75 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

76.     Defendant denies the allegations in Paragraph 76 of the Second Amended Complaint.

77.     The allegations in Paragraph 77 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

78.     The allegations in Paragraph 78 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

79.     The allegations in Paragraph 79 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

80.     The allegations in Paragraph 80 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 80 of the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to judgment in her favor or to any relief under the allegations set forth in the Second Amended Complaint. Defendant requests that the Court dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

## <u>COUNT III</u>
### Failure to Accommodate in Violation of the ADA

81.     Defendant restates and incorporates its answers to Paragraphs 1 through 80 of the Second Amended Complaint as though set forth at length herein

82.     The allegations in Paragraph 82 (a)-(d) of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

83.     The allegations in Paragraph 83 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

84.     The allegations in Paragraph 84 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

85.     The allegations in Paragraph 85 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

86.     The allegations in Paragraph 86 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

87.     The allegations in Paragraph 87 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 87 of the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to judgment in her favor or to any relief under the allegations set forth in the Second Amended Complaint. Defendant requests that the Court

dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

## COUNT IV
### Failure to Accommodate in Violation of the PHRA

88.     Defendant restates and incorporates its answers to Paragraphs 1 through 87 of the Second Amended Complaint as though set forth at length herein.

89.     The allegations in Paragraph 89 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

90.     The allegations in Paragraph 90 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

91.     The allegations in Paragraph 91 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 91 of the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to judgment in her favor or to any relief under the allegations set forth in the Second Amended Complaint. Defendant requests that the Court dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

**Count V**
**Discrimination in Violation of the FMLA**

92.     Defendant restates and incorporates its answers to Paragraphs 1 through 91 of the Second Amended Complaint as though set forth at length herein.

93.     The allegations in Paragraph 93 (a)-(c) of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

94.     The allegations in Paragraph 94 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

95.     The allegations in Paragraph 95 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

96.     Defendant denies the allegations in Paragraph 96 of the Second Amended Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Second Amended Complaint.

98.     The allegations in Paragraph 98 of the Second Amended Complaint state conclusions of law to which no response is required; to the extent that any response is deemed to be required, the allegations are denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to judgment in her favor or to the relief requested in the WHEREFORE clause following Paragraph 98 of the Second Amended Complaint. Defendant further denies that Plaintiff is entitled to judgment in her favor or to any relief under the allegations set forth in the Second Amended Complaint. Defendant requests that the Court

16

dismiss the claims, with prejudice, in their entirety and that Defendant be awarded costs, expenses, interest on those amounts, and any such further relief that this Court may deem appropriate.

* * *

To the extent that any of Plaintiff's allegations in the Second Amended Complaint have not been admitted or denied by Defendant, they are hereby denied.

## DEFENSES

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

## FIRST DEFENSE

For the purposes of preserving a defense, Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

For the purposes of preserving a defense, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

## FOURTH DEFENSE

For the purposes of preserving a defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because any employment action taken by Defendant with respect to Plaintiff was for legitimate, nondiscriminatory business reasons.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Defendant exercised reasonable care to prevent and promptly correct any harassing conduct, and because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she cannot establish a *prima facie* case of discrimination or failure to accommodate under the Americans with Disabilities Act or PHRA.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not request a reasonable accommodation pursuant to the Americans with Disabilities Act and/or granting any reasonable accommodation Plaintiff sought or desired would have posed an undue hardship on Defendant.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff failed to mitigate her alleged damages.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred because Defendant took affirmative, good-faith measures to comply with the law and to prevent discrimination and retaliation in the workplace.

**ELEVENTH DEFENSE**

Plaintiff's claim for punitive damages is barred because Defendant took affirmative, good-faith measures to comply with the law and to prevent discrimination and retaliation in the workplace.

**TWELVETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because she cannot establish a *prima facie* case of retaliatory discharge.

**THIRTEENTH DEFENSE**

Plaintiff's claims under the PHRA are not entitled to be heard by a jury because neither the PHRA nor the Pennsylvania Constitution provide a right to a jury trial for claims arising under that statute.

**FOURTEENTH DEFENSE**

Plaintiff's claims for punitive damages under the PHRA are barred because punitive damages may not be awarded under the PHRA.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot prove by a preponderance of the evidence that Defendant retaliated against her for engaging in protected activity.

## SIXTEENTH DEFENSE

Defendant's actions regarding Plaintiff were taken for legitimate, non-discriminatory reasons unrelated to her participation in any alleged protected activity, or for any other unlawful reason.

## SEVENTEETH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot prove by a preponderance of the evidence that Defendant's legitimate nondiscriminatory reasons for terminating her services were pretextual.

## EIGHTEENTH DEFENSE

Plaintiff's claims for wrongful discharge in violation of public policy are barred, in whole or in part, and any recovery of damages is precluded, because, to the extent Plaintiff's claims are actionable, the available statutory remedies are adequate.

## NINETEETH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot prove by a preponderance of the evidence that Defendant acted intentionally, willfully, knowingly, and maliciously toward Plaintiff.

## TWENTIETH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because any harm that Plaintiff suffered was due to her own conduct.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Defendant, at all times, acted in good faith, reasonably, and in accordance with all applicable laws.

## TWENTY-SECOND DEFENSE

Plaintiff's allegations do not state an actionable claim for punitive damages.

## TWENTY-THIRD DEFENSE

Plaintiff's claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Pennsylvania Constitution and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch; therefore, the claim for punitive damages must be dismissed.

## TWENTY-FOURTH DEFENSE

Defendant reserves the right to amend its Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

Dated: September 10, 2021                    Respectfully submitted,

                                             JACKSON LEWIS P.C.

                                             */s/ Laura C. Bunting*
                                             Marla N. Presley, Esquire
                                             PA ID No. 91020
                                             Laura C. Bunting, Esquire
                                             PA ID No. 307274
                                             Jackson Lewis P.C.
                                             1001 Liberty Avenue
                                             Suite 1000
                                             Pittsburgh, PA  15222
                                             Phone:  412-232-0404
                                             marla.presley@jacksonlewis.com
                                             laura.bunting@jacksonlewis.com

                                             *Attorneys for Defendant*